**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

PAMELA ARNOLD,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

Case No. 4:17-cv-00018-JVB-JPK

**OPINION AND ORDER**

Plaintiff Pamela Arnold seeks judicial review of the Social Security Commissioner's decision denying her disability benefits and asks this Court to remand the case. For the reasons below, this Court remands the Administrative Law Judge's decision.

**A. Overview of the Case**

Plaintiff applied for disability insurance benefits under Title II and supplemental security income under Title XVI. In her applications, Plaintiff alleged that she became disabled on March 1, 2008. (R. at 16.) Plaintiff's date last insured was December 31, 2008. (R. at 16.) The Administrative Law Judge ("ALJ") found that Plaintiff did not meet her burden of proof in providing evidence to support disability prior to her date last insured for her Title II claim. As such, the ALJ denied Plaintiff's Title II application at Step Two, and the remainder of the ALJ's decision only regarded the Title XVI claim. (R. at 16–17.) After a video hearing before an ALJ in 2015, the ALJ found that Plaintiff suffered from the severe impairments of seizure disorder,

affective disorder, anxiety disorder, and substance abuse disorder in remission. (R. at 19.) The ALJ did, however, find that a number of jobs existed which Plaintiff could perform. (R. at 31–32.) Therefore, the ALJ found her to be not disabled. (R. at 32.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff contends that the ALJ committed four reversible errors: the ALJ erred in dismissing Plaintiff's Title II/Disability Insurance Benefits claim, in evaluating Listings, in the subjective symptom analysis, and in weighing medical opinion evidence.

**(1) Disability insurance benefits**

Plaintiff filed applications for both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI. The ALJ determined that Plaintiff did not establish a severe impairment or combination of impairments prior to December 31, 2008, her date last insured. (R. at 15.) The ALJ found that there were only two exhibits containing evidence prior to the date last insured, and none of the evidence supported a severe impairment. (R. at 16.) Plaintiff argues that there are multiple mentions of her impairments before the date last insured. However, all the records that Plaintiff cites to are self-reported pain. For instance, Plaintiff states in a May 2015 pain management visit that she has struggled with back pain since 2006 that required an epidural. (R. at 1034.) However, there is no medical evidence in the record (outside of statements from Plaintiff) that supports this assertion. Plaintiff also asserts that she began having seizures prior to the date last insured, but there is nothing in the medical evidence to support Plaintiff's report of seizures prior to 2011. Plaintiff bears the burden to establish a disability prior to December 31, 2008, and she has failed to do so here. The ALJ properly dismissed Plaintiff's Title II DIB claim.

**(2) Title I Subjective Symptom Analysis**

Plaintiff makes several other arguments regarding her Title II application, Step Two, and Step Three. However, all of these arguments are based on the ALJ's subjective symptoms analysis. Plaintiff asserts that the ALJ erred in rejecting her Title II application as well as erred at Step Two and Step Three because he discredited the intensity of Plaintiff's self reported symptoms. If the ALJ erred in analyzing Plaintiff's subjective symptoms, that would undoubtedly affect Plaintiff's other arguments.

An ALJ's subjective symptom analysis will be afforded "considerable deference" and will be overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (citations omitted). In addressing Plaintiff's subjective symptoms, the ALJ must consider all the evidence in the record. 20 C.F.R. § 404.1529(c)(3). Specifically, the ALJ is directed to consider the following factors:

(i) daily activities;

(ii) the location, duration, frequency, and intensity of the symptoms;

(iii) precipitating and aggravating factors;

(iv) the type, dosage, effectiveness, and side effects of any medication taken;

(v) other treatment received for relief of symptoms;

(vi) any measures used to alleviate symptoms; and

(vii) other factors concerning limitations and restrictions due to symptoms

20 C.F.R. §§ 404.1529(c)(3)(i)–(vii).

Plaintiff asserts that the ALJ ignored evidence favorable to her in finding that Plaintiff's subjective symptoms were inconsistent with the medical evidence. Plaintiff takes particular issue with the ALJ's analysis of Plaintiff's daily activities. The ALJ found that Plaintiff's statement that she generally stays at home contradicted her reported daily activities. (R. at 26.) Plaintiff was capable of taking care of her two young children, including getting her older child ready for school and tending to the baby throughout the day. She also reported helping her son with homework, preparing dinner with her mother, and bathing her children. (R. at 26.) She also reported helping with household chores, going shopping, and occasionally going to the park and attending campfires. (R. at 26.) Plaintiff also mowed the lawn, walked daily, and was capable of living independently. (R. at 26.) Plaintiff argues that these activities do not contradict Plaintiff's report that she stays home most of the day. However, taking a common sense reading of the ALJ's decision, his finding is that the record reveals a wider range of activities of daily living than her allegations regarding disability support. The ALJ did not err in characterizing Plaintiff's activities of daily living.

Next, Plaintiff argues that the ALJ erred in discrediting Plaintiff's allegations regarding the frequency of her seizures. Plaintiff stated that she experiences at least eight seizures a week, with four to five complex partial seizures daily. (R. at 26.) The ALJ dismissed Plaintiff's allegations, citing multiple medical records that showed far fewer seizures than Plaintiff alleged. (R. at 25.) Plaintiff insists that the ALJ cherry picked evidence from years prior to increased seizure activity. However, Plaintiff fails to point to any medical evidence that corroborates her statements regarding her seizures. The ALJ correctly notes that Plaintiff had occasions where she went significant periods of time with either no seizures, or only one a month. (R. at 27.) Those time periods spanned October 2011 through March 2013, followed by June 2013 through

5

November 2013. (R. at 717–814.) Plaintiff began to experience a greater rate of seizures in late 2014, after which she had the Vagus Nerve Stimulator ("VNS") placed. (R. at 822.) Once the VNS was initiated and adjusted with her medication, Plaintiff reported fewer seizures. Although she was still reporting multiple seizures a month, Plaintiff was reporting only two to three seizures a week in June 2015. (R. at 1020–30.) The ALJ properly supported his finding that the record did not support Plaintiff's allegations of eight seizures a week.

The ALJ also looks to Plaintiff's allegations of driving. Plaintiff was informed by her treating neurologist that she must be seizure-free for six months to drive. (R. at 26.) Therefore, as the ALJ properly notes, Plaintiff must have been seizure-free for six months in November 2013 when she drove to an appointment. Plaintiff's medical history supports a period of being relatively seizure-free from October 2011 through November 2013. However, Plaintiff began experiencing more frequent seizures starting in 2014 which required the placement of the VNS. Plaintiff testified at the hearing in November 2015 that she no longer drove due to her seizures. (R. at 45.) The ALJ did not discuss Plaintiff's driving after November 2013. While the ALJ properly supported his finding that the record did not support the number of seizures Plaintiff alleged, his statements regarding her driving cannot be construed to mean Plaintiff was not experiencing seizures after November 2013.

### (3) Step Three- Listings

Although the ALJ did not err in the subjective symptom analysis with regard to Plaintiff's seizure activity, the ALJ erred in evaluating whether Plaintiff met Listing 11.02 (epilepsy). To establish a listed impairment, Plaintiff must show that her impairment meets all of the criteria in the Listing. Plaintiff bears the burden to show that her impairments either meet or medically

equal the severity and duration of the listed criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(iv). Plaintiff argues that she experienced frequent seizures that satisfied the listing requirements for 11.02. Listing 11.02 requires either generalized tonic-clonic seizures occurring at least once a month for 3 consecutive months despite adherence to prescribed treatment or dyscognitive seizures occurring at least once a week for at least three consecutive months despite adherence to prescribed treatment. Plaintiff had multiple seizures in the fall of 2014, some of which were tonic-clonic seizures. Plaintiff's neurologist reported in 2014 that her small seizures persisted and required a VNS. Plaintiff reported multiple seizures a month from 2014 through 2015. Plaintiff reported eight seizures in March 2015, eight seizures in April 2015, seizure activities that caused "goofiness" in May of 2015 (no numbers listed), and thirteen seizures in June 2015. (R. at 1020–72.) All of these seizures occurred after Plaintiff had the VNS implanted and while she was on seizure medication within therapeutic levels. Plaintiff even experienced a seizure during the November 2015 hearing.

The ALJ found that Plaintiff's seizure disorder was a severe impairment but determined that Plaintiff did not meet or equal the requirements of listing 11.02 because "no treating or examining physician has mentioned findings that would equal the criteria for any of the listed impairments." (R. at 21.) The ALJ's decision fails to acknowledge the vast treatment notes that discuss the frequency of Plaintiff's seizures after December 2014. Further, although the ALJ states the record is void of any clinical findings or test results supporting listing 11.02, Plaintiff required a VNS in December 2014, which was placed at the recommendation of her treating neurologist to control her seizure activity. The ALJ "must discuss the listing by name and offer more than a perfunctory analysis." *Barnett v. Barnhart*, 381 F.3d 664, 668–70 (7th Cir. 2004).

Yet here, the ALJ failed to offer any analysis of listing 11.02. This requires remand, as the Court cannot review the ALJ's failure to discuss Plaintiff's seizures in relation to listing 11.02.

The Commissioner attempts to dismiss Plaintiff's argument by citing to her ability to drive. However, as discussed above, the ALJ's discussion of Plaintiff's ability to drive stopped in November 2013. Plaintiff quit driving sometime between November 2013 and her hearing in November 2015, which is consistent with the medical record's report of her seizure activity. The Commissioner also argues that Plaintiff fails to show the duration for which she experienced seizures at Listing level frequency. However, Plaintiff supplied medical evidence that shows regular seizures from December 2014 through at least July 2015, with seizures happening at a frequency of eight or more times a month. Regardless, the ALJ failed to discuss the duration and frequency of Plaintiff's seizures in his decision, and therefore the Court cannot determine whether the ALJ considered this evidence in determining that Plaintiff did not meet listing 11.02. The ALJ determined that Plaintiff's seizures occurred less frequently than she alleged at the hearing, but he failed to discuss the frequency and duration of the seizures reported in the medical evidence. The medical reports that the ALJ used to discredit Plaintiff's subjective reports of seizure frequency cannot be ignored when discussing Listing 11.02.

### (4) Other Issues

Plaintiff also raises issues regarding the medical opinions. Because the ALJ failed to properly analyze whether Plaintiff met or equaled Listing 11.02, remand is appropriate. Proper analysis of the listing may alter the rest of the ALJ's decision. The Court remands this case due to a failure to analyze Plaintiff's epilepsy in relation to the listing.

**(E) Conclusion**

The ALJ erred in failing to analyze whether Plaintiff met or equaled Listing 11.02. For these reasons, the court remands the case for further consideration.

SO ORDERED on May 28, 2019.

                                                   s/ Joseph S. Van Bokkelen
                                                  JOSEPH S. VAN BOKKELEN
                                                  UNITED STATES DISTRICT JUDGE